Filed 6/3/25  Parkinson v. The Regents of the U. of Cal. CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| ISABELLA PARKINSON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>    Defendant and Respondent. | A169481<br><br><br>(Alameda County<br>Super. Ct. No. 23CV035944) |

**MEMORANDUM OPINION**[1]

Isabella Parkinson sued The Regents of the University of California (The Regents) for wrongful termination.  The Regents demurred, and the trial court sustained the demurrer with leave to amend.  Parkinson did not amend her complaint, and the trial court entered a judgment dismissing the case. On appeal, Parkinson asks that we reverse and direct the trial court to grant her leave to amend the complaint to assert causes of action alleging a violation of due process, a violation of her right to free speech under title 42 United States Code section 1983, and declaratory relief.  We affirm.

---

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration section 8.1.

Parkinson's complaint alleges she began employment at the University of California, San Diego (UCSD), in 2006.  In July 2022, Parkinson accepted a new, full-time, remote position with the University of California Office of the President (UCOP).  On August 1, 2022, she began working remotely for another employer, outside the University of California system.  On August 14, 2022, before she began work at UCOP, Parkinson informed her new supervisor at UCOP about her outside employment and her new supervisor did not raise any questions or concerns.

On August 10, 2022, Parkinson resigned from her full-time position at UCSD.  The next day, Parkinson's UCSD supervisor offered Parkinson a "50% appointment" whereby she would work 30 percent for UCSD Health and 20 percent for the Scripps Institution of Oceanography at UCSD.  On August 23, 2022, Parkinson's UCSD supervisor rescinded Parkinson's resignation and "replaced it with the 50% appointment . . . ."  On August 26, 2022, UCSD's human resources department informed Parkinson that she must resign from UCSD again because her supervisor did not complete the paperwork for the new 50-percent position.  UCSD also told Parkinson that she was not permitted to begin work for UCOP until she resigned from UCSD.  On August 26, 2022, Parkinson resigned from UCSD a second time.  On August 29, 2022, she began working at UCOP.

On September 2, 2022, Parkinson's supervisor at UCOP told her "she had an issue with Parkinson's additional work outside the UC System." (Some capitalization omitted.)  On September 12, 2022, Parkinson's supervisor sent her a notice of intent to terminate.  During the pretermination *Skelly* process,[2] Parkinson said she would not have taken the outside position if she had initially been told that her UCOP supervisor was

_____

[2] *Skelly v. State Personnel Bd.* (1975) 15 Cal.3d 194.

2

" 'not ok' " with it.  (Some capitalization omitted.)  On November 14, 2022, Parkinson was terminated by UCOP.  Parkinson submitted complaints to both UCSD and UCOP pursuant to the personnel policies for staff members (PPSM 70 complaints).  She obtained no remedies through the PPSM 70 complaints process.  Parkinson continues to work at her job outside the University of California system.

Parkinson's single cause of action for wrongful termination alleges that she had employment agreements with UCSD and UCOP and performed her job duties but that The Regents "prevented [her] from receiving the benefits under the employment agreement by requiring her to resign from her job at UCSD in order to take up her new job with [UCOP]."  Further, The Regents "did not act fairly and in good faith" by requiring her to resign from UCSD and dismissing her from UCOP.

The Regents demurred to Parkinson's complaint on the grounds that The Regents are immune from liability for the common law tort of wrongful termination in violation of public policy under Government Code section 815;[3] Parkinson had no contractual right to terms of employment and could not state a claim for breach of contract or breach of the implied covenant of good faith and fair dealing; and Parkinson failed to exhaust judicial remedies because she did not allege that she filed a writ of administrative mandamus to set aside the outcome of the PPSM 70 complaints procedure.

Parkinson's opposition did "not disagree" that her claim was barred by section 815, subdivision (a) but suggested, without reasoned analysis, that her claim may be warranted by nonfrivolous arguments for extension, modification, or reversal of existing law or establishment of new law.  She also "concur[red] that she may not maintain a breach of contract claim

---

[3] All statutory references are to the Government Code.

3

because . . . she is not employed by contract." However, she argued she could pursue a claim for breach of the covenant of good faith and fair dealing. Parkinson also acknowledged that administrative factual findings against her are binding and have a preclusive effect on her claim. However, she claimed "that preclusive effect here has no preclusive effect on her claim, because the remedies she seeks . . . 'cannot be granted' even if the UCOP PPSM 70 findings were set aside by way of a writ of administrative mandamus." Parkinson also asserted that The Regents denied her due process.

On September 26, 2023, the trial court issued its tentative ruling sustaining The Regents' demurrer with leave to amend. Parkinson did not contest the tentative ruling. On September 28, 2023, the trial court issued its order sustaining the demurrer and allowing Parkinson until October 13, 2023, to file an amended complaint "to allege a due process violation and to state a cause of action that is not barred by Government Code § 815(a), if Plaintiff is able to do so in good faith." Parkinson did not file an amended complaint. On November 6, 2023, the trial court entered a judgment of dismissal.

On appeal, Parkinson argues that the judgment of dismissal should be reversed because she can plead valid claims for violation of procedural due process, for violation of her right to free speech, and for declaratory relief. The problem with Parkinson's appeal is that the trial court gave her the very relief she requests here when it granted her ample opportunity to amend her complaint. For unknown reasons, Parkinson declined the opportunity to amend her complaint in the time allotted by the trial court. Therefore, her case was appropriately dismissed. We agree with The Regents that

4

Parkinson forfeited the right to seek leave to amend her complaint from this court.

The general rule allowing a plaintiff to request leave to amend on appeal does not apply when the trial court sustains a demurrer with leave to amend and the plaintiff elects not to amend the pleading. (*Las Lomas Land Co., LLC v. City of Los Angeles* (2009) 177 Cal.App.4th 837, 861; *Foxen v. Carpenter* (2016) 6 Cal.App.5th 284, 296.) " 'When, as here, a demurrer to a complaint is sustained with leave to amend and the plaintiff declines to amend the complaint, . . . we assume the complaint contained the strongest statement of the plaintiff's cause or causes of action. [Citation.] Thus, unlike when a demurrer is sustained without leave to amend, we determine only whether the plaintiff stated a cause of action, and not whether the plaintiff might be able to do so.' [Citation.] 'The judgment of dismissal must be affirmed if the unamended complaint is objectionable on any ground raised by the demurrer.' (Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group 2021) ch. 8-C, ¶ 8:136.3e.)" (*Casillas v. Berkshire Hathaway Homestate Ins. Co.* (2022) 79 Cal.App.5th 755, 762 (*Casillas*).)

Our review is limited to whether the trial court correctly found that plaintiff's wrongful termination cause of action was objectionable on any ground raised by the demurrer. (*Casillas, supra*, 79 Cal.App.5th at p. 762.) The majority of Parkinson's opening brief presents only her forfeited argument as to why she should be permitted to amend her complaint. She also asserts that her "claims"[4] are not barred by the doctrine of exhaustion of administrative or judicial remedies. One of the bases for the trial court's

---

[4] Parkinson's discussion of why her "claims" are not barred by administrative or judicial exhaustion reference her yet to be pleaded due process claim. She does not refer to the wrongful termination cause of action, which is the only claim pleaded in her complaint.

5

ruling was Parkinson's failure to exhaust her judicial remedies. However, the trial court also found that Parkinson's wrongful termination claim was barred by section 815. Parkinson fails to even argue that the trial court erred by sustaining the demurrer on this alternative ground. Thus, she has not demonstrated error. (See *Miklosy v. Regents of University of California* (2008) 44 Cal.4th 876, 899–900 [§ 815 precludes claim for wrongful discharge in violation of public policy against public entity]; *McAllister v. Los Angeles Unified School Dist.* (2013) 216 Cal.App.4th 1198, 1219.)

## DISPOSITION

The judgment is affirmed. The Regents shall recover their costs on appeal.


Jackson, P. J.


WE CONCUR:

Simons, J.
Chou, J.


A169481/*Parkinson v. The Regents of the University of California*